UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X
STANLEY WILLIAMS,

                Plaintiff,

− against −

NIK-NET LLC, KJ TRANSPORTATION, LLC,
and LOUIS ROJAS,                           **MEMORANDUM &
ORDER**
                Defendants/Third-Party Plaintiffs,   12 CV 3310 (PKC) (RML)

− against −

SPOTLESS ON ROCKAWAY CORP.,
RICHARD G. DELPOZO, and
CENTURY SURETY INSURANCE COMPANY,

                Third-Party Defendants.
———————————————————————X
PAMELA K. CHEN, United States District Judge:

       This diversity action arises out of alleged injuries sustained by Plaintiff Stanley Williams ("Williams") as a result of a motor vehicle accident that occurred on April 19, 2010, when a vehicle being driven by Richard G. Delpozo ("Delpozo"), an employee of Spotless on Rockaway Corp. car wash ("Spotless"), struck a vehicle in which Williams was a passenger. (Dkts. 22 (Third-Party Complaint) ¶¶ 1−2, 10; 53 (Third Amended Complaint) ¶¶ 22, 25.) The vehicle driven by Delpozo was owned and/or leased by Nik-Net LLC ("Nik-Net"), KJ Transportation LLC ("KJ Transportation"), and Luis Rojas ("Rojas"). (Dkts. 22 ¶¶ 2, 11; 53 ¶¶ 3−7.)

       Prior to the filing of this lawsuit, Spotless's insurance company, Century Surety Insurance Company ("Century"), negotiated a settlement with Williams, pursuant to which Williams releases his claims against Spotless, Delpozo, and Century in exchange for $17,500.00. (Dkt. 22 ¶¶ 5, 20 & Ex. C.) On June 5, 2012, Williams initiated this action against Defendants

Nik-Net, KJ Transportation, and Rojas (collectively, "Defendants")[1] in New York State court. (Dkt. 1 at 6−9.)[2] Defendants subsequently removed this action to this Court (*id.* at 1−3), and filed a Third-Party Complaint against Spotless, Delpozo, and Century (collectively, "Third-Party Defendants"), seeking common-law indemnification for Spotless and Delpozo's alleged negligence in operating the vehicle, and claiming that Defendants are entitled to defense and indemnification coverage from Century as "additional insureds", pursuant to Spotless's "Garage Policy" with Century (Dkt. 22 ¶¶ 12−16, 21−22).[3] Century, in turn, filed a cross-claim seeking contribution or indemnification from Spotless and Delpozo. (Dkt. 24 ¶ 31.)

Presently before the Court are (1) Spotless and Delpozo's motion to dismiss the Third-Party Complaint and Century's cross-claim, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), for failure to state a claim (Dkts. 35; 35−3 at 7; 54), and (2) Century's motion for summary judgment, pursuant to FRCP 56, seeking a declaration that it is not required to provide defense and indemnification coverage to Defendants (Dkts. 42; 55). For the reasons set forth below, the Court denies Spotless and Delpozo's motion to dismiss the Third-Party Complaint, and grants as unopposed the motion to dismiss Century's cross-claim. The Court also denies Century's motion for summary judgment and request to sever this action.

Lastly, given the Court's resolution of the issues that are the subject of Williams's pending request for reconsideration (Dkt. 66) in a manner favorable to Williams, the Court denies Williams's request as moot.

---

[1] Williams initially named Spotless and Delpozo as defendants, but has since discontinued the action against Spotless and Delpozo, and amended his complaint. (*See* Dkt. 35−2 at 14.)

[2] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

[3] Nik-Net also filed cross-claims against co-defendants KJ Transportation and Rojas. (Dkt. 14.)

## DISCUSSION

### I. Legal Standards

#### A. Failure to State a Claim Pursuant to FRCP 12(b)(6)

To withstand a motion to dismiss pursuant to FRCP 12(b)(6), a complaint must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating a FRCP 12(b)(6) motion, a district court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Id.* at 555–56; *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 555 U.S. at 557). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. A complaint should be dismissed where a plaintiff has not "nudged [its] claims across the line from conceivable to plausible[.]" *Id.* at 570. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678); *see also Pension Benefit Guar. Corp. ex rel. Saint Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013).

#### B. Summary Judgment Pursuant to FRCP 56

Summary judgment is proper only when, construing the evidence in the light most favorable to the non−movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Redd v. N.Y. Div. of*

*Parole*, 678 F.3d 166, 173 (2d Cir. 2012). A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material when it "might affect the outcome of the suit under the governing law." *Id.* In determining whether there are genuine disputes of material fact, the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (citation omitted). The nonmoving party cannot avoid summary judgment simply by relying "on conclusory allegations or unsubstantiated speculation." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (quotations and citations omitted). That party must offer "some hard evidence showing that its version of the events is not wholly fanciful." *Miner v. Clinton County*, 541 F.3d 464, 471 (2d Cir. 2008) (quotations and citation omitted).

## II. Applicable New York Law

### A. General Obligations Law

New York's General Obligations Law ("GOL") § 15–108 governs the effect of a settlement, release, or covenant not to sue with an alleged tortfeasor. NY GEN OBLIG § 15–108. Generally, GOL § 15–108(a) provides that a settlement reduces a nonsettling tortfeasor's liability to the injured party by the greater of the amount of: (1) consideration that a settling tortfeasor paid for its release, or (2) the settling tortfeasor's equitable share of the damages under CPLR article 14. *See Glaser v. M. Fortunoff of Westbury Corp.*, 524 N.E.2d 413 (N.Y. 1988); *Chase Manhattan Bank v. Akin, Gump, Strauss, Hauer & Feld L.L.P.*, 763 N.Y.S.2d 588, 589

(N.Y. App. Div. 2003). At the same time, GOL §§ 15–108(b)[4] and 15–108(c)[5], together, extinguish all claims for contribution between nonsettling and settling tortfeasors. *See Chase Manhattan Bank*, 763 N.Y.S.2d at 589; *Mead v. Bloom*, 464 N.Y.S.2d 904, 905 (N.Y. App. Div. 1983), *aff'd* 465 N.E.2d 1262 (1984). However, the New York Court of Appeals has long-held that, in contrast to claims for *contribution*, GOL §15−108 does not apply to bar claims for common-law *indemnification*. *Glaser*, 524 N.E.2d at 414 (GOL "§ 15−108 applies to claims for contribution but not to those seeking to vindicate a party's . . . common-law right of indemnification"); *Rosado v. Proctor & Schwartz, Inc.*, 484 N.E.2d 1354, 1356 (N.Y. 1985); *McDermott v. City of New York*, 406 N.E.2d 460, 464 (N.Y. 1980); *Riviello v. Waldron*, 391 N.E.2d 1278, 1283 (N.Y. 1979); *see OneBeacon Am. Ins. v. Comsec Ventures Int'l, Inc.*, 8:07 CV 900, 2010 WL 114819, at *7 (N.D.N.Y. Jan. 7, 2010); *Monaghan v. SZS 33 Assocs., L.P.*, 89 CV 4900, 1995 WL 104083, at *7 (S.D.N.Y. Mar. 8, 1995) (§ 15−108 does not insulate a settling defendant against a claim against it as an indemnitor).

The distinction between claims for indemnification and those for contribution, therefore, is often critical, and the parties' designation of the claim is not controlling. *Glaser*, 524 N.E.2d at 415. Under New York law, the right to indemnification shifts the entire burden of a judgment to another party based on the other party's actual responsibility for causing the harm. *Casey ex rel. Casey v. Ryder Truck Rental, Inc.*, 00 CV 2856, 2005 WL 1150228, at *5 (E.D.N.Y. May 16, 2005); *Riviello*, 391 N.E.2d at 1283. Common-law indemnification "is a restitution concept which permits shifting the loss because to fail to do so would result in the unjust enrichment of

---

[4] Section 15−108(b) provides, in relevant part, that "a release given in good faith by the injured person to one tortfeasor . . . relieves him from liability to any other person for contribution as provided in article fourteen of the civil practice law and rules."

[5] Section 15−108(c) provides, in relevant part, that "[a] tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person."

one party at the expense of the other." *McCarthy v. Turner Constr., Inc.*, 953 N.E.2d 794, 798–99 (N.Y. 2011). In a "classic indemnification case," the party seeking common-law indemnity "has 'committed no wrong,' but is held liable or exposed to liability to the injured party 'by virtue of some relationship with the tort-feasor or obligation imposed by law.'" *O'Connor v. Lowe's Home Ctrs., Inc.*, 1:11 CV 00506, 2015 WL 507515, at *6 (N.D.N.Y. Feb. 6, 2015) (quoting *Glaser*, 524 N.E.2d at 415). "Common-law indemnification seeks to ensure that a party not at fault will not be forced to endure the loss." Casey, 2005 WL 1150228, at *6 (citation omitted)). Thus, common-law indemnification is only available to a party who is held liable solely by operation of law or vicarious liability, but not for the party's own acts of negligence. *O'Connor*, 2015 WL 507515, at *6; *Casey*, 2005 WL 1150228, at *5; *Dora Homes, Inc. v. Epperson*, 344 F. Supp. 2d 875, 894 (E.D.N.Y. 2004) (to prevail on its common-law indemnification claim, a party must show that it may not be held responsible in any degree); *see also Glaser*, 524 N.E.2d at 415 ("where a party who has settled seeks to avoid the bar to reimbursement posed by [GOL] . . ., that party must show that 'it may not be held responsible in any degree' for the plaintiff's damages" (quoting *Rosado*, 484 N.E.2d at 1357)). "Conversely, where a party is held liable at least partially because of its own negligence, *contribution* against other culpable tort-feasors is the only available remedy." *Glaser*, 524 N.E.2d at 415 (emphasis added); *see Riviello*, 391 N.E.2d at 1283 ("The right of contribution arises among several tort-feasors who share culpability for an injury to the plaintiff and whose liability may be equitably apportioned according to fault.").

### B. Vehicle and Traffic Law

Williams's cause of action against Defendants Nik-Net, KJ Transportation, and Rojas for any negligent action by Third-Party Defendants Spotless and Delpozo – and, in turn, Defendants'

claim for common-law indemnification against Third-Party Defendants – is predicated on Vehicle and Traffic Law ("VTL") § 388. Under that provision, a car owner is liable for an accident caused by the negligence of a permissive operator even if the owner himself or herself was not negligent. Vehicle and Traffic Law § 388(1); *Mowczan v. Bacon*, 703 N.E.2d 242, 243 (N.Y. 1998) (under VTL § 388, "the negligence of the user or operator of a motor vehicle is imputed to the owner"); *Fried v. Seippel*, 599 N.E.2d 651, 654 (N.Y. 1992); *Plath v. Justus,* 268 N.E.2d 117, 119 (N.Y. 1971). The current version of VTL § 388 was enacted to provide legal recourse for persons injured in traffic-related accidents against financially responsible parties, such as car owners, who can readily carry insurance to cover the risk of injury to third persons. *Hassan v. Montuori*, 786 N.E.2d 25, 27 (N.Y. 2003); *Mowczan*, 703 N.E.2d at 243; *Plath*, 268 N.E.2d at 119.

While the VTL "does not address . . . the indemnification of [a] vehicle's owner by [an] actual tortfeasor," the New York Court of Appeals has held that VTL §388 does not abrogate the right of indemnification under common law. *Casey*, 2005 WL 1150228, at *10 (citing *Morris v. Snappy Car Rental*, 637 N.E.2d 253, 255−56).[6] Thus, New York State courts have construed

---

[6] The New York Court of Appeals explained as follows:

> It has long been recognized that in granting an injured party a right of action under section 388, the Legislature did not otherwise intend to change any of the rules of liability in this area. . . . The law concerning indemnification agreements is . . . long standing and well settled. . . . [T]he right of indemnification springs conceptually from principles of equity and finds its expression in contract, express or implied. . . . It is nothing short of simple fairness to recognize that a person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity.
>
> It is axiomatic concerning legislative enactments in derogation of common law, and especially those creating liability where none previously existed, that they are deemed to abrogate the common law only to the extent required by the clear

7

VTL § 388 to permit the non-negligent owner of a vehicle to seek indemnification from the negligent operator of the vehicle. *See Morris*, 637 N.E.2d at 255−56; *Scherer v. N. Shore Car Wash Corp.,* 821 N.Y.S.2d 219, 220 (N.Y. App. Div. 2006); *Ciatto v. Lieberman,* 769 N.Y.S.2d 48, 51 (N.Y. App. Div. 2003); *Denton Leasing Corp. v. Breezy Point Surf Club, Inc.*, 518 N.Y.S.2d 634, 635 (N.Y. App. Div. 1987); *Hertz Corp. v. Dahill Moving & Storage Co.*, 434 N.Y.S.2d 386, 387 (N.Y. App. Div. 1980), *aff'd* 425 N.E.2d 890 (1981); *see also Mikelinich v. Caliandro*, 927 N.Y.S.2d 128, 130−31 (N.Y. App. Div. 2011). Significantly, "that the parties negotiated a settlement of the negligence action does not, in itself, impair their right to pursue claims for indemnification among themselves." *Denton Leasing Corp.*, 518 N.Y.S.2d at 635 (citing *McDermott*, 406 N.E.2d at 464).

### III. Spotless and Delpozo's Motion to Dismiss the Third-Party Complaint

As an initial matter, it is undisputed that under GOL § 15–108(b), Third-Party Defendants Spotless, Delpozo and Century are immunized from any claim for contribution by Defendants Nik-Net, KJ Transportation, and Rojas by virtue of Century's prior settlement with Williams. Defendants accordingly do not seek contribution from Third-Party Defendants. (Dkts. 22 ¶ 15; 57 at 2.)

The core of the present dispute is whether the settlement procured by Century, on behalf of Third-Party Defendants, likewise bars Defendants from seeking common-law indemnification against Third-Party Defendants. (*See* Dkts. 35−3; 36, 54.) The answer is no. As set forth below, because the Third-Party Complaint sufficiently alleges that Defendants Nik-Net, KJ

---

> import of the statutory language. In view of the fact that we are to narrowly construe the terms of section 388, we can discern no basis for inferring that the Legislature, in its desire to ensure that owners act responsibly, intended to go so far as to abrogate the right of indemnification.

*Morris*, 637 N.E.2d at 255−56 (internal citations, quotation marks, and alterations omitted).

Transportation, and Rojas may be held liable to Williams *solely* for the negligence of Third-Party Defendants Spotless and Delpozo, it would be improper to dismiss Defendants' claim for common-law indemnification against Third-Party Defendants.

Williams's action asserts two alternative bases for Defendants' liability: (1) negligence for Defendants' own acts (Dkt. 53 ¶ 27; *see* Dkt. 22 ¶ 3 & Ex. B (police accident report noting Delpozo's claim that the "gas pedal stuck" as he drove the vehicle out of the car wash)), and (2) vicarious responsibility for Spotless and Delpozo's negligence under VTL § 388 (Dkt. 53 ¶¶ 52−55).[7] Were Williams asserting Defendants' own negligence as the *sole* theory of liability, Spotless and Delpozo would be correct that the Third-Party Complaint is subject to dismissal because the only remedy available to Defendants in that case would be contribution, which indisputably is barred by the prior settlement and release. (Dkts. 35−3 at 13−14; 36 at 7−8; 43 at 2−3); *see O'Connor*, 2015 WL 507515, at *7 (dismissing common-law indemnification claim in third-party complaint "where the legal claims in the underlying action are clearly confined to [third-party defendants'] own wrongdoing); *OneBeacon*, 2010 WL 114819, at *7 (because defendant was sued "for its own independent acts of negligence, and thus [was] liable only to the extent of its own fault, the principles of indemnification [did] not apply and its claim for indemnification [could not] survive"). However, in a conference with the Court and his Third Amended Complaint (*see* Minute Entry dated Sept. 30, 2015; Dkt. 53 ¶¶ 52−55), Williams clarified that he also asserts a cause of action against Defendants based on the negligence of

---

[7] As Williams' first amended complaint left unclear whether Williams was also seeking to impose liability on Defendants vicariously for any acts of negligence by Spotless and Delpozo (*see* Dkts. 12 ¶¶ 27, 31 (First Amended Complaint) (alleging that accident was due to negligence of Defendants, and that Nik-Net was liable for actions of KJ Transportation and Rojas based on *respondeat superior*); 35−3 at 13−14 (contending that Williams' complaint alleges only direct negligence); 36 at 7−8 (same); Dkt. 42−6 at 9 (same)), the Court held a conference and permitted Williams to amend his complaint a third time to clarify the legal bases for his claims. (*See* Minute Entry dated Sept. 30, 2015.)

Spotless and Delpozo pursuant to VTL § 388, which, as discussed, holds vehicle owners vicariously liable for injuries caused by the negligence of a permissive operator of the vehicle. *See Plath*, 268 N.E.2d at 118−119; *Mowczan*, 703 N.E.2d at 243. As previously noted, the VTL §388 does not abrogate the right of indemnification, and permits the non-negligent owner of a vehicle to seek indemnification if the owner is found liable *solely* on the basis of the vehicle operator's negligence. *See Morris*, 637 N.E.2d at 255−56; *Scherer*, 821 N.Y.S.2d at 220; *Ciatto*, 769 N.Y.S.2d at 51; *Denton Leasing Corp.*, 518 N.Y.S.2d at 635; *Hertz Corp.*, 434 N.Y.S.2d at 387.

Notwithstanding Third-Party Defendants' arguments to the contrary, the Third-Party Complaint sufficiently asserts a viable claim for common-law indemnification based on the VTL. To ultimately prevail on a claim for indemnification, Defendants must show that: (1) Defendants were free from wrongdoing; and (2) Spotless and Delpozo were "guilty of some negligence that contributed to the causation of the accident." *See Aktas v. JMC Dev. Co.*, 877 F.Supp.2d 1, 31 (N.D.N.Y. 2012) (citing *Perri v. Gilbert Johnson Enters., Ltd.*, 790 N.Y.S.2d 25, 30 (N.Y. App. Div. 2005)). Here, the Third-Party Complaint alleges that Delpozo was operating Defendants' vehicle within the course of his employment with Spotless and that the accident occurred due to Delpozo's negligence. (Dkt. 22 ¶¶ 11−12.) Defendants further assert that because the extent of any liability it owes to Williams would be based solely on Third-Party Defendants' negligence, Defendants are entitled to indemnification for the full amount of any judgment. (*Id.* ¶¶ 14−16.) Construing the Third-Party Complaint in the light most favorable to Defendants as the non-movants, the Court finds these allegations sufficient to infer that Third-Party Defendants were permissive users of Defendants' vehicle, and that Defendants were not responsible to any degree for Williams's injuries. The allegations in the Third-Party Complaint

thus state a viable claim for common-law indemnification that is sufficient to survive the motion to dismiss.

The Court rejects Third-Party Defendants' arguments that in order to survive a motion to dismiss, Defendants are required to explicitly set forth in their Third-Party Complaint at least one of the following: that (1) Defendants are seeking relief pursuant to the VTL, (2) there were no mechanical problems with Defendants' car, (3) Defendants seek indemnification only for any judgment amount in excess of Defendants' insurance policy limits, or (4) Spotless and Delpozo are not insured under Defendants' insurance policy. (*See, e.g.*, Dkt. 63 at 2−4.) Such requirements go further than those imposed by the FRCP's liberal pleading rules. All that is required at this stage are allegations sufficient to put Third-Party Defendants on notice of the basis for Defendants' claim for common-law indemnification, and to allow the Court to plausibly infer that Defendants have stated a viable claim for common-law indemnification. *See Twombly*, 550 U.S. at 555, 570. Defendants' allegations are sufficient to meet this standard.

The Court also rejects Third-Party Defendants' contention that Williams's assertion of both direct negligence and vicarious liability theories against Defendants undermines Defendants' common-law indemnification claim. A New York State Appellate Division decision, *Scherer v. North Shore Car Wash Corporation*, 821 N.Y.S.2d 219, is instructive on this issue. As here, the case arose when a car wash employee struck the plaintiff with a car owned by one of the defendants. The plaintiff sued both the car owner and the car wash for negligence. The Appellate Division affirmed that VTL § 388 permitted the car owner to seek indemnification from the car wash, stating that "a passive owner of a vehicle vicariously liable pursuant to [VTL] § 388 is entitled to common-law indemnification from the employer of an active tortfeasor acting within the scope of his employment." *Id.* at 220 (citing cases). The court concluded, however,

that summary judgment in favor of indemnification was inappropriate because there were open questions regarding liability. Specifically, allegations existed in the case that "a malfunction of the vehicle contributed to the accident and therefore [the owner's] liability is not predicated solely upon vicarious liability pursuant to [VTL] § 388." *Id.* Similarly, here, because Defendants' direct negligence and VTL § 388 vicarious liability are two alternative sources of Defendants' liability in this case, the Court cannot conclude as a matter of law that the Third-Party Complaint fails to state a plausible claim for common-law indemnification. *See Noble by Noble v. Ambrosio*, 574 N.Y.S.2d 234, 241−42 (N.Y. Sup. Ct. 1990) (striking defense that defendant cannot seek indemnification on ground that third-party will seek to prove that defendant was actively negligent, reasoning that whether a defendant is also actively negligent is for a trial to determine, but allegations concerning defendant's "culpable conduct do not alter the fact that the [] third-party claim is based on the very real possibility of payment by [defendant] for" acts of third-party defendant's partner).

The primary distinguishing factor between this case and *Scherer* is that Spotless and Delpozo are not co-defendants to the main action, but rather Third-Party Defendants, because Williams previously settled and released his claims against them. The settlement, however, does not alter the result. Though somewhat counter-intuitive, New York law still permits Williams to continue his action against Defendants alone based on Defendants' alleged vicarious liability for the actions of Spotless and Delpozo, and, in turn, permits Defendants to seek indemnification from Third-Party Defendants Spotless, Delpozo, and Century. *See Noble by Noble*, 574 N.Y.S.2d at 237 ("notwithstanding the settlement between plaintiffs and [active tortfeasors], plaintiffs are permitted to continue their action against [a non-negligent party] alone based upon [that party's] alleged vicarious liability for the negligence of . . . [the] settling party"); *id*. at 241

("in defending an indemnity claim, . . . a third-party defendant cannot rely on settlement or its release by the main plaintiff" as "[t]his would completely vitiate the rights of indemnitees and render the concept of indemnification meaningless"); *see also Plath*, 268 N.E.2d at 118−19 (holding that plaintiff's release of driver, as active tortfeasor, did not also release claims against owner for negligent acts of driver where the plaintiff had reserved his right to proceed against other wrongdoers). Notably, permitting Defendants Nik-Net, KJ Transportation, and Rojas to seek indemnification from Third-Party Defendants Spotless, Delpozo, and Century despite the prior settlement would not result in unjust enrichment to Williams. (*See* Dkt. 36 at 12−13; 54 at 6−8.) In the event that a judgment is entered against Defendants solely on a vicarious liability theory, Defendants' liability would be reduced by the amount of the settlement that Williams already received from the Third-Party Defendants, thereby avoiding a double recovery for Williams. *Monaghan*, 1995 WL 104083, at *7; *see Plath*, 28 N.E.2d at 120 (noting that any "concern over excess or double recovery . . . is diminished by reducing the amount of a later recovery . . . by the amount of the consideration received from the prior settlement"); *Noble*, 574 N.Y.S.2d at 239–241 (allowing defendant hospital which brought third-party indemnification claim against partners of anesthesiologist who had settled with plaintiff to set-off the amount paid by the settling anesthesiologist from amount hospital paid to plaintiff).

Third-Party Defendants further object that a finding requiring them to indemnify Defendants is premature since no judgment has yet been entered finding Defendants vicariously liable. (Dkts. 35−3 at 18; 54 at 4−5.) This argument is misplaced, since Defendants are not seeking a declaratory judgment on their indemnification claim at this stage, but have only filed a Third-Party Complaint seeking indemnification *in the event that* a judgment is entered against them for Third-Party Defendants' negligence. Moreover, while it is generally true that

13

indemnification claims do not become ripe until a loss has been suffered, a party seeking indemnification is "permit[ed] . . . to obtain a conditional judgment fixing the potential liability without the need for payment until it is shown that the judgment in the principal action has been satisfied in whole or part." *McCabe v. Queensboro Farm Prods., Inc.*, 239 N.E.2d 340, 342 (N.Y. 1968).[8] Thus, particularly where an analysis of the indemnification issue would not significantly expand the facts and legal questions at issue, courts have permitted parties to assert third-party indemnification claims to afford them "the earliest possible determination as to the extent to which [they] may expect to be reimbursed" for any loss. *Lowe v. Dollar Tree Stores, Inc.*, 835 N.Y.S.2d 161, 163 (N.Y. App. Div. 2007) (quoting *McCabe*, 239 N.E.2d at 342); *cf. Katzman v. Helen of Troy Tex. Corp.*, 12 CV 4220, 2012 WL 3831745, at *3 (S.D.N.Y. Aug. 28, 2012) (dismissing counterclaims for indemnification with leave to reassert at a future date because claim for indemnification was unripe, noting that "adjudicating th[e] speculative [indemnification] issue would expand significantly the facts and legal questions at issue"). For purposes of the instant motion, the Court holds that if Williams prevails against Defendants solely on the basis of Third-Party Defendants' negligence, pursuant to VTL§ 388, Defendants are entitled to seek common-law indemnification from Third-Party Defendants.[9]

---

[8] The third-party judgment then is not "subject to execution until there is proof of [] payment of the main judgment[.]" *McCabe*, 239 N.E.2d at 342.

[9] The Court is also unpersuaded by Spotless and Delpozo's speculative argument that no indemnification can be had in this case because Defendants' insurer (which is not a party to this action), and not Defendants, would pay the amount owed on any judgment against Defendants. (*See* Dkts. 35−3 at 19; 54 at 5; 63 at 2.) That Defendants obtained insurance to protect from potential liability arising out of their ownership or lease of the vehicle does not diminish Third-Party Defendants' obligation to indemnify others found liable for Third-Party Defendants' negligence. *See McCabe*, 239 N.E.2d at 342 (rejecting argument that third-party complaint failed to state a cause of action for indemnification because third-party plaintiff's insurer paid the judgment, stating that "whether [the third-party plaintiff] pays the judgment out of his own pocket or purchases the right to have an insurance company pay it, he is still entitled to reimbursement").

Accordingly, because of the possibility that Defendants Nik-Net, KJ Transportation, and Rojas will be held vicariously liable for the negligence of Third-Party Defendants Spotless and Delpozo, the motion to dismiss the Third-Party Complaint is denied, with leave to renew upon a finding of liability.[10]

IV. **Spotless and Delpozo's Motion to Dismiss Century's Cross-Claim**

Spotless and Delpozo also move to dismiss Century's cross-claim against them for contribution and indemnification as to any defense costs or indemnification that Century is obliged to pay Defendants. (Dkts. 24 ¶ 31; 35−3 at 19−20.) As Century has failed to file an opposition (*see* Dkt. 36 at 14 n.4 (Spotless and Delpozo Reply Mem.) (noting that Century has not opposed dismissal of cross-claim)), the motion to dismiss the cross-claim is granted.[11]

V. **Century's Motion for Summary Judgment**

By its motion for summary judgment, Century seeks a declaration that it is under no obligation to provide defense and indemnification coverage to Defendants Nik-Net, KJ Transportation, and Rojas as additional insureds under the terms of Spotless's Garage Policy with Century. (Dkt. 42.) Century further asserts that even if Defendants were considered

---

[10] Whether, as Century argues, Third-Party Defendants are properly considered additional insureds under Defendants' insurance policy, and the related question of whether anti-subrogation principles mean that Defendants will not be able to seek indemnification from Third-Party Defendants for any liability within Defendants' policy limits, are issues that should be deferred until after a finding of liability. (*See* Dkts. 36 at 10; 42−6 at 10−14; 54 at 5−6; 63 at 2.) At this stage, and in the absence of material facts, such as the contents of Defendants' insurance policy, the Court cannot determine as a matter of law that anti-subrogation principles defeat indemnification. *See BP Air Conditioning Corp. v. One Beacon Ins.*, 871 N.E.2d 1128, 1133 (N.Y. 2007). Nor is it clear that New York Insurance Regulation 60−1.1, which sets forth required provisions for all owners' automobile policies issued in New York, is applicable to Defendants' insurance policy, which Defendants assert was written in Connecticut and governed by that state's law. (Dkt. 41 at 8.) Moreover, Defendants represent that Third-Party Defendants never requested coverage from Defendants' carrier. (*Id.*)

[11] Indeed, in asserting its cross-claim against Spotless and Delpozo, Century has provided no legal or factual basis for this claim. (Dkt. 24 ¶ 31.) Nor can the Court conceive of any.

insureds under Spotless's Garage Policy, any coverage would be limited to amounts that exceed Defendants' own automobile insurance coverage. (Dkt. 42−6 at 16−17.) Because material questions of fact exist regarding whether Defendants qualify as "insureds" under Spotless's Garage Policy, however, Century's motion is denied.

Under the Garage Policy, Century provides coverage to (1) Spotless; (2) anyone using, with Spotless's permission, a covered "auto" that Spotless owns, hires or borrows (subject to certain provisions); and (3) "[a]nyone liable for the conduct of an 'insured,'" "but only to the extent of that liability." (*See* Dkts. 42−1 ¶ 19; 42−4; 42−6 at 14.) The relevant question, therefore, is whether Defendants are considered "liable for the conduct of" insureds Spotless and Delpozo. According to Century, "[s]ince the only claim being made against Third-Party Plaintiffs [*i.e.*, Nik-Net, KJ Transportation, and Rojas] is premised on their own responsibility for the accident, they do not qualify as insureds[.]" (Dkt. 42−6 at 16.) However, Century is incorrect for substantially the same reasons discussed in denying Spotless and Delpozo's motion to dismiss. This case presents a possibility that Defendants will be held liable based on the negligence of Spotless and Delpozo on a vicarious liability theory; it also presents a possibility that Defendants will be held liable to some degree for its own acts of negligence. The Court cannot determine at this stage as a matter of law which outcome will result. Since a question of fact remains as to the basis for Defendants' liability, Century's motion for summary judgment is denied, with leave to renew if Defendants are held liable on a vicarious liable theory.[12]

---

[12] Consideration of Century's claim that any coverage by the Garage Policy would be in excess to the Defendants' automobile insurance policy is deferred until after a liability finding. Priority of coverage cannot be determined at this point since none of the other insurers are parties to this action and no other relevant policies have been submitted. *See BP Air Conditioning Corp.*, 871 N.E.2d at 1133.

Finally, Century's request that the action against it be severed for trial (Dkt. 42−6 at 17−18) is denied. Because the questions of coverage and liability are intertwined in this case, and arise out of a common set of facts, the action will proceed unsevered in the interest of judicial economy. However, Century may file a renewed request to sever coverage claims prior to trial.

## CONCLUSION

For the foregoing reasons, Spotless and Delpozo's motion to dismiss (Dkts. 35; 54) is DENIED with respect to the Third-Party Complaint, and is GRANTED with respect to Century's cross-claim. Century's motion for summary judgment and request to sever the action against it (Dkts. 42; 55) are DENIED. Finally, Williams's request for reconsideration of the Court's Order declining to consider Williams's briefing (Dkt. 66) is DENIED as moot.

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: January 7, 2016
      Brooklyn, New York